UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-115-MOC

| SARA NICOLE MCCALL, | ) |
| --- | --- |
| Plaintiff, pro se, | ) |
| vs. | ) **ORDER** |
| VETERANS HEALTH ADMINISTRATION VETERANS CRISIS LINE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on a Motion to Dismiss by Defendant Veterans Health Administration Veterans Crisis Line, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 17). On September 7, 2023, the Court issued an order notifying Plaintiff of her right to respond to the motion. (Doc. No. 19). Plaintiff timely filed a Response, and Defendant has filed a Reply. (Doc. Nos. 20, 21). Defendant's motion to dismiss is ripe for disposition.

## I. BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff's complaint alleges that Defendant Veterans Health Administration Veterans Crisis Line violated her Fourteenth Amendment rights by causing local law enforcement to conduct welfare checks on Plaintiff at her residence in Transylvania County on five occasions. Plaintiff appears to be alleging that someone unknown to her apparently called the Veterans Crisis Line phone number to tell them that Defendant was suicidal, after which local law enforcement showed up five times at Plaintiff's residence and demanded that she must present herself for a welfare check. (Doc. No. 1; Doc. No. 18). Because of these events, Plaintiff alleges

1

that she has experienced emotional distress and pain and suffering, including depression, anxiety, insomnia, and loss of enjoyment of life. Plaintiff seeks more than $1 million in damages.

## II. STANDARD OF REVIEW

As noted, Defendant moves for dismissal of Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may file a motion to dismiss based on a lack of subject matter jurisdiction. When a 12(b)(1) motion is filed, the plaintiff bears the burden to prove that subject matter jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Furthermore, while the Court may construe Plaintiff's complaint liberally because she is a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-

2

Case 1:23-cv-00115-MOC-WCM   Document 25   Filed 10/06/23   Page 2 of 5

BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

To the extent that Plaintiff sues under Bivens, the Court lacks subject-matter jurisdiction to hear Plaintiff's claim, and it must be dismissed under FED. R. CIV. P. 12(b)(1). In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court established a cause of action arising under the U.S. Constitution against federal officials for violation of federal constitutional rights. Construed liberally, Plaintiff purports to sue the Department of Veterans Affairs, but there is no Bivens remedy available against a federal agency. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484–85 (1994). Instead, a Bivens remedy is only available against a federal official acting in their individual capacity. Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002). To the extent that Plaintiff brings a Bivens claim against the Department of Veterans Affairs, this Court lacks subject-matter jurisdiction over Plaintiff's claim. See Gibson v. NSA, et al., No. 6:15-132-HMH-JDA, 2015 WL 1519970, at *3 (D.S.C. Mar. 12, 2015); Ross v. Fed. Bureau of Alcohol, Tobacco & Firearms, Inc., 807 F. Supp. 2d 362, 370 (D. Md. 2011).

Even if Plaintiff's complaint is liberally construed to bring a Bivens claim against a federal official, she still fails to state a claim upon which relief can be granted. Defendant correctly notes that "a Bivens claim requires a showing of direct and personal involvement by the individual defendant in the alleged constitutional violations." (Doc. No. 18) (citing Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001)). Plaintiff's complaint does not name any federal official or allege that any individual federal official violated Plaintiff's constitutional rights. Consequently, even construed liberally, Plaintiff's complaint fails to "state a complaint on which

3

relief can be granted" under Bivens. FED. R. CIV. P. 12(b)(6).

Plaintiff's Fourteenth Amendment claim under 42 U.S.C. § 1983 must also be dismissed under Rule 12(b)(6). Section 1983 applies to state officials acting under color of state law, not actions of the federal government. See Ejindu v. Centers for Medicare & Medicaid Servs., No. 3:14-cv-395-RJC, 2016 WL 427937, at *2 (W.D.N.C. Feb. 3, 2016); Ford Family v. U.S. Dep't of Defense, No. 5:32-cv-00357-M, 2021 WL 7082645, at *2 (E.D.N.C. Dec. 21, 2021). Plaintiff's claim against a federal agency is not cognizable under Section 1983. Plaintiff thus fails to "state a complaint on which relief can be granted" under Section 1983. FED. R. CIV. P. 12(b)(6).

To the extent that Plaintiff's complaint implicates the Federal Tort Claims Act (FTCA), that claim must also be dismissed for lack of subject-matter jurisdiction. For jurisdiction over an FTCA claim to lie in an Article III court, the plaintiff must first file an administrative claim with the appropriate federal agency. See 28 U.S.C. § 2675(a); Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (quoting Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986)). Here, Plaintiff failed to file an administrative claim (Doc. No. 18, Ex. 1), so her FTCA claim must be dismissed under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).

## IV. CONCLUSION

Because Plaintiff's putative Bivens and FTCA claims fall outside of this Court's jurisdiction, and because Plaintiff's Section 1983 claim fails to state a claim upon which relief can be granted, the Court must grant Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6). FED. R. CIV. P. 12(b)(1), 12(b)(6).

4

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. No. 17) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

Signed: October 6, 2023

Max O. Cogburn Jr
United States District Judge